# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2010

No. 08-31236
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SANDY SMITH, also known as Smitty,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana, Shreveport Division
USDC No. 5:97-CR-50079-4

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Sandy Smith appeals the 18-month sentence imposed following the revocation of his supervised release for possessing a firearm and committing another crime. He argues that this sentence is procedurally unreasonable because there is no record support for the district court's statement at the revocation hearing that he had committed a number of violations during his term of supervised release and because the district court did not provide any fact-specific reasons for imposing a sentence above the guidelines range of 6-12

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

months of imprisonment. He also contends that the sentence imposed is substantively unreasonable, citing the fact that he had nearly completed his five-year term of supervised release.

Because Smith did not properly preserve any objection to the procedural or substantive reasonableness of the sentence, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To show plain error, Smith must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009). If Smith makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Because Smith conceded during the revocation hearing that he had prior violations, we find no clear error as to this issue. However, we do find clear error with respect to the district court's failure to articulate its reasons for imposing a sentence above the guidelines. *See Whitelaw*, 580 F.3d at 262. Smith does not argue that this error affected his substantial rights or the fairness, integrity, or public reputation of the judicial proceedings. Although the district court did not specify the reasons for its imposition of sentence, it was the same judge who had previously sentenced Smith and given him a significant downward departure, and the transcript of the revocation hearing shows that the court considered the facts and circumstances of the violation, as well as the nature and characteristics of the defendant. Accordingly, we find that Smith has not made a showing of plain error. *See id.* at 265; *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 & n.6 (5th Cir.), *cert. denied*, 130 S.Ct. 192 (2009).

The 18-month sentence imposed by the district court was half of the 36-month statutory maximum sentence that the district court could have imposed. The district court did not plainly err in imposing this sentence. *See Whitelaw,*

No. 08-31236

580 F.3d at 265; *United States v. Hernandez-Martinez*, 485 F.3d 270, 274 (5th Cir. 2007).

Counsel's motion to correct brief is granted.

AFFIRMED; MOTION GRANTED.